IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANIBAL ROMAN | : | |
|    Petitioner, | : | |
| | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 08-715 |
| | : | |
| SUPERINTENDANT R. SOBINA, et al. | : | |
|    Respondents. | : | |

## ORDER

Petitioner Anibal Roman objects to the Magistrate's recommendation that I dismiss his habeas corpus petition and deny his application for a stay and abeyance. I will overrule Petitioner's objections and adopt the Magistrate's Report and Recommendation.

## Background

In October 2002, Petitioner was convicted following a bench trial in Pennsylvania state court of first degree murder, violating the Uniform Firearms Act, and possessing an instrument of crime. The trial evidence showed that Petitioner shot and killed his ex-girlfriend's boyfriend in January 2001. Included in the Commonwealth's evidence was Petitioner's confession, a sweatshirt found at the crime scene which was stained with Petitioner's blood, and SEPTA transpass data indicating that Petitioner had traveled from a subway station near the crime scene thirteen minutes after the shooting. Petitioner was sentenced to life imprisonment. See Commonwealth v. Roman, No. 0105-0354 (Ct. Com. Pl. Jan. 28, 2003).

Petitioner timely appealed his judgment of sentence to the Pennsylvania Superior Court, which affirmed. Commonwealth v. Roman, 839 A.2d 1161 (Pa. Super. Ct. 2003) (table). The

Pennsylvania Supreme Court denied allocatur. Commonwealth v. Roman, 853 A.2d 361 (Pa. 2004) (table). Petitioner timely filed a petition under Pennsylvania's Post Conviction Relief Act, which the PCRA court dismissed. The Superior Court affirmed on June 25, 2007, and the Pennsylvania Supreme Court again denied allocatur. Commonwealth v. Roman, 931 A.2d 52 (Pa. Super. Ct. 2007) (table); Commonwealth v. Roman, 944 A.2d 757 (Pa. 2008) (table).

On February 14, 2008, Petitioner filed the instant *pro se* petition for habeas relief. 28 U.S.C. § 2254; Doc. No. 1. Petitioner also filed an application for stay and abeyance, asking this Court to stay the habeas proceeding until Petitioner exhausts certain claims in state court. (Doc. No. 8.) On April 9, 2008, I referred the case to a Magistrate Judge for a Report and Recommendation. (Doc. No. 4.) The Magistrate recommended that I deny Petitioner's application for a stay and dismiss the § 2254 petition. (Doc. No. 21.) On November 17, 2008, Petitioner filed *pro se* objections to the Report, and the Commonwealth responded on November 24, 2008. (Doc. Nos. 22, 24.)

**Standard of Review**

The extent of my review of the Magistrate's Report is committed to my discretion. See Thomas v. Arn, 474 U.S. 140, 154 (1985); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984). I may "accept, reject or modify, in whole or in part, the [M]agistrate's findings or recommendations." Brophy v. Halter, 153 F. Supp. 2d 667, 669 (E.D. Pa. 2001). I must review *de novo*, however, those portions of the Report to which specific objection is made. 28 U.S.C. § 636(b)(1)(C); see generally Goney v. Clark, 749 F.2d at 6-7.

**Discussion**

Petitioner raises five claims: (1) the trial court erred in denying Petitioner's motion to suppress his confession; (2) the prosecutor committed misconduct by using allegedly perjured testimony; (3) Petitioner is entitled to a new trial because one of the witnesses, Petitioner's ex-girlfriend, recanted aspects of her testimony; (4) the prosecutor committed a Brady violation by allegedly withholding a crime scene video; and (5) the evidence presented at trial was insufficient to support the verdict. (Doc. Nos. 1, 9.) In his application for a stay, Petitioner also claimed that counsel was ineffective for failing to call a medical witness. (Doc. No. 8 at 1.)

**A.    Application for Stay and Abeyance**

Generally, a federal habeas petitioner must present his claims to the state court before a federal court will review them. 28 U.S.C. § 2254(b)(1); Toulson v. Beyer, 987 F.2d 984, 986 (3d Cir. 1993). Petitioner asks for a stay of his § 2254 petition because it includes three unexhausted claims. Petitioner thus seeks an opportunity to exhaust these claims before I decide his § 2254 petition.

The Magistrate concluded that if Petitioner filed an additional PCRA petition in Pennsylvania state court, it would be untimely. I agree. A PCRA petition must be filed within one year of a final judgment. 42 Pa. Cons. Stat. Ann. § 9545(b)(1). Petitioner's judgment of sentence became final on September 15, 2004, over four years ago. See 42 Pa. Cons. Stat. Ann. § 9545(b)(3). Although there are narrow exceptions to the one year limitation, any new claim must be brought within sixty days of the date the claim could have first been brought. 42 Pa. Cons. Stat. Ann. § 9545(b)(2); Commonwealth v. Gamboa-Taylor, 753 A.2d 780, 783 (Pa. 2000) ("[W]hen a PCRA petition is not filed within one year of the expiration of direct review, or not

eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the trial court has no power to address the substantive merits of a petitioner's PCRA claims.").

Petitioner has offered no reason why he could not have brought these unexhausted claims in a timely fashion. There is no indication that Petitioner has filed a second PCRA petition. In these circumstances, I agree that a stay of the federal habeas proceedings is not appropriate. See Rhines v. Weber, 544 U.S. 269, 277 (2005) ("[S]tay and abeyance should be available only in limited circumstances."). Accordingly, I will adopt the Magistrate's recommendation that I deny Petitioner's application for a stay because Petitioner's unexhausted claims would be time-barred in state court.

**B.     Motion to Suppress Statements**

The state trial court denied Petitioner's motion to suppress his confession -- a decision the Superior Court affirmed upon plenary review. Commonwealth v. Roman, 839 A.2d 1161 (Pa. Super. Ct. 2004) (table). Petitioner claimed at the suppression hearing that the interrogating detective withheld medication Petitioner required for his kidney condition, causing Petitioner to be ill and rendering Petitioner's confession involuntary. The state court credited the detective's testimony and did not find Petitioner's allegations to be credible. See Commonwealth v. Roman, No. 0105-0354 (Ct. Com. Pl. Jan. 28, 2003).

A determination of a factual issue by a state court is presumed to be correct, and Petitioner bears the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); see Miller v. Fenton, 474 U.S. 104, 112 (1985) ("subsidiary factual questions" involved in legal question of voluntariness of confession are entitled to presumption

of correctness). In his Objections, Petitioner states that he submitted sufficient evidence to establish that his statement was involuntary. (Doc. No. 22 at 3.) The trial court was in the best position, however, to assess the credibility of the witnesses, including Petitioner, and the court found that Petitioner's testimony was not credible. See Commonwealth v. Roman, No. 0105-0354 (Ct. Com. Pl. Jan. 28, 2003). I agree with the Magistrate's conclusion that Petitioner has failed to present clear and convincing evidence that the state court's factual determinations were erroneous.

In light of these factual findings, the state court properly concluded that Petitioner's confession was voluntary and thus admissible. Compare Commonwealth v. Roman, No. 0105-0354, at 6 (Ct. Com. Pl. Jan. 28, 2003) (assessing the voluntariness of Petitioner's confession based on the totality of the circumstances) with, e.g., Schneckloth v. Bustamonte, 412 U.S. 218 (1973) (requiring courts to consider the totality of the circumstances in determining whether a confession is voluntary). There is thus no indication that the court's denial of the motion to suppress was contrary to or an unreasonable application of clearly established federal law, or that the denial was based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). See Fahy v. Horn, 516 F.3d 169, 196 (3d Cir. 2008) ("The suppression court was entitled to make the credibility determination that it did in the face of conflicting testimony, and it applied the correct law to its findings of fact and came to a reasonable conclusion."). Accordingly, Petitioner's objection is overruled.

**C.     Procedurally Defaulted Claims**

The Magistrate concluded that three of Petitioner's claims have been procedurally defaulted: (1) that the prosecutor committed misconduct by using allegedly perjured testimony;

(2) that the prosecutor committed a Brady violation by allegedly withholding a crime scene video; and (3) that Petitioner's counsel was ineffective for failing to call a medical witness. In Petitioner's objection to the Report and Recommendation, he does not contest the Magistrate's finding that these claims were not raised in the state proceedings. As I have explained, review of these claims in state court is now time-barred. Accordingly, these claims have been procedurally defaulted. See Cristin v. Brennan, 281 F.3d 404, 410 (3d Cir. 2002).

"[F]ederal courts may not consider the merits of [procedurally defaulted] claims unless the applicant establishes 'cause and prejudice' or a 'fundamental miscarriage of justice' to excuse his or her default." McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999) (citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)). Though his Objections are unclear, Petitioner appears to argue that a miscarriage of justice would result if this Court did not consider his defaulted claims. (Doc. No. 22 at 6.) To demonstrate a fundamental miscarriage of justice, Petitioner is required to present new evidence of actual innocence. Cristin, 281 F.3d at 412. To establish actual innocence, a petitioner must offer "new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." House v. Bell, 547 U.S. 518, 538 (2006) (quoting Schlup v. Delo, 513 U.S. 298, 324 (1995)). The evidence must be such that "it is more likely than not that no reasonable juror would have convicted [Petitioner] in light of the new evidence." Schlup, 513 U.S. at 327.

Petitioner has not offered any such evidence. To the extent that Petitioner suggests that his ex-girlfriend's partially recanted testimony establishes actual innocence, I agree with the Magistrate that this evidence is not exculpatory. Petitioner's ex-girlfriend testified at trial that Petitioner did not want her to date a black man. (The victim was African American.)

Petitioner's ex-girlfriend later recanted part of this testimony, alleging that the Assistant District Attorney told her that she must testify that Petitioner murdered the victim because he was black. Petitioner's ex-girlfriend did not recant the other aspects of her testimony which indicated that Petitioner was jealous and did not want her dating other men generally.  See Commonwealth v. Roman, No. 0105-0354, at 8-9 (Ct. Com. Pl. June 13, 2006); Commonwealth v. Roman, 931 A.2d 52 (Pa. Super. Ct. 2007) (table).  This does not suggest that Petitioner is innocent of the crime.  Accordingly, there will not be a "fundamental miscarriage of justice" if this Court does not consider Petitioner's defaulted claims.

It is also clear that no cause exists excusing Petitioner's procedural default.  Construing Petitioner's objections broadly, it appears that Petitioner may be arguing that PCRA counsel's refusal to raise certain issues constitutes cause excusing the procedural default of these claims. (See Doc. No. 22, Ex. A.)  "[T]he mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default."  Murray v. Carrier, 477 U.S. 478, 486 (1986).  See Cristin, 281 F.3d at 420 (alleged ineffective assistance of PCRA counsel cannot establish cause to excuse procedural default because there is no Sixth Amendment right to representation in state habeas proceedings). Accordingly, Petitioner has not demonstrated that "cause and prejudice" excuses his procedural default.

I have carefully reviewed the Report and Recommendation and also agree with the remainder of the Magistrate's conclusions.  **AND NOW**, this 30th day of January, 2009, upon consideration of the Petition for Writ of Habeas Corpus (Doc. No. 1), Petition for Stay and Abeyance (Doc. No. 8), Respondents' Answers (Doc. Nos. 13, 20), the Report and

Recommendation of the Magistrate Judge (Doc. No. 21), Petitioner's Objections to the Report and Recommendation (Doc. No. 22), the Response to Petitioner's Objections (Doc. No. 24), and all related submissions, it is **ORDERED** as follows:

1. Petitioner's Objections to the Report and Recommendation are **OVERRULED**;

2. The Report and Recommendation is **APPROVED** and **ADOPTED**;

3. The Petition for Stay and Abeyance is **DENIED**;

4. The Petition for a Writ of Habeas Corpus is **DENIED**; and

5. There is no basis for the issuance of a certificate of appealability.

6. The Clerk of Court shall close this matter for statistical purposes.

        **IT IS SO ORDERED.**

        /s/ Paul S. Diamond

        _____
        **Paul S. Diamond, J.**